# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DEANNA PIKE, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>     v.<br><br>WISCONSIN DOLLS, LLC, A Wisconsin Corporation; JAMES HALBACH, an indivdiual, and DOES 1 through 10, inclusive,<br><br>            Defendants. | Civil Action No. 3:21-cv-00356 |

## DEFENDANTS' ANSWER TO COMPLAINT
## AND AFFIRMATIVE DEFENSES

NOW COMES Wisconsin Dolls, LLC, A Wisconsin Corporation, and James Halbach, (collectively "Defendants"), by and through the undersigned counsel, pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, and provide as follows:

## ANSWER TO COMPLAINT

1. Defendants deny the allegations of this paragraph.

2. Defendants deny the allegations of this paragraph.

3. Defendants deny the allegations of this paragraph.

4. Defendants deny the allegations of this paragraph.

5. Defendants deny the allegations of this paragraph.

6. Defendants deny the allegations of this paragraph.

7. Defendants deny the allegations of this paragraph.

8. Defendants deny the allegations of this paragraph.

9. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph regarding Plaintiff's residency. Defendants deny the remaining allegations of this paragraph.

10. Defendants deny the allegations of this paragraph.

11. Defendants admit that Wisconsin Dolls, LLC, is a Wisconsin limited liability corporation and may be served by registered agent James Halbach. Defendants deny the remaining allegations of this paragraph.

12. Defendants deny the allegations of this paragraph.

13. Defendants deny that Plaintiff was employed by Defendants. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

15. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

16. Defendants deny the allegations of this paragraph.

17. Defendants deny the allegations of this paragraph.

18. Defendants deny the allegations of this paragraph.

19. Defendants deny the allegations of this paragraph.

20. Defendants deny the allegations of this paragraph.

21. Defendants deny the allegations of this paragraph.

22. Defendants deny the allegations of this paragraph.

23. Defendants deny the allegations of this paragraph.

24. Defendants deny the allegations of this paragraph.

25. Defendant Wisconsin Dolls, LLC, operates an adult-oriented entertainment facility. Defendants deny the remaining allegations of this paragraph.

26. Defendants deny the allegations of this paragraph.

27. Defendants deny the allegations of this paragraph.

28. Defendants deny the allegations of this paragraph.

29. Defendants deny the allegations of this paragraph.

30. Defendants admit that entertainers dance, including performing stage and table dances. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

31. Defendants admit that entertainers dance on stage and perform table dances while semi-nude. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

32. Defendants deny that Plaintiff was an integral part of Defendants' business. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

33. Defendants admit the allegations of this paragraph.

34. Defendants deny the allegations of this paragraph.

35. Defendants admit Wisconsin Dolls, LLC, established a fixed fee for the price of specialty dances, including table dances performed on the premises. Defendants deny any remaining allegations of this paragraph.

36. Defendants admit that Wisconsin Dolls, LLC, set the daily charge for customers and/or members to enter the facility and had control over which customers and/or members were allowed in the facility. Defendants deny any remaining allegations of this paragraph.

37. Defendants deny the allegations of this paragraph.

38. Defendants deny the allegations of this paragraph.

39. Defendants deny the allegations of this paragraph.

40. Defendants deny the allegations of this paragraph.

41. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph regarding Plaintiff's time typically expended preparing for performances. Defendants deny the remaining allegations of this paragraph.

42. Defendants admit they did not pay Plaintiff. Defendants deny the remaining allegations of this paragraph.

43. Defendants deny the allegations of this paragraph.

44. Defendants deny the allegations of this paragraph.

45. Defendants deny the allegations of this paragraph.

46. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

47. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

48. Defendants admit that Wisconsin Dolls, LLC, made all hiring decisions. Defendants deny the remaining allegations of this paragraph.

49. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

50. Defendants admit that semi-nude dancing is an integral part of Wisconsin Dolls, LLC, operations, that it advertises such, and is well known as a gentlemen's club. Defendants deny any remaining allegations of this paragraph.

51. Defendants admit the allegations of this paragraph.

52. Defendants admit the allegations of this paragraph.

53. Defendants deny the allegations of this paragraph.

54. Defendants deny the allegations of this paragraph.

55. Defendants deny the allegations of this paragraph.

56. Defendants deny the allegations of this paragraph.

57. Defendants deny the allegations of this paragraph.

58. Defendants admit that Plaintiff was not paid an hourly minimum wage. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

59. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

60. Defendants deny the allegations of this paragraph.

61. Defendants admit they have never paid wages to Plaintiff. Defendants deny the remaining allegations of this paragraph.

62. Defendants deny the allegations of this paragraph.

63. Defendants admit they provided no compensation to Plaintiff. Defendants deny the remaining allegations of this paragraph.

64. Defendants deny the allegations of this paragraph.

65. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of the allegations of this paragraph.

66. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of the allegations of this paragraph.

67. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of the allegations of this paragraph.

68. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of the allegations of this paragraph.

69. Defendants deny the allegations of this paragraph.

70. Defendants deny the allegations of this paragraph.

71. Defendants deny the allegations of this paragraph.

72. Defendants deny the allegations of this paragraph.

73. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of the allegations of this paragraph.

74. Defendants deny the allegations of this paragraph.

75. Defendants deny the allegations of this paragraph.

76. Defendants deny the allegations of this paragraph.

77. This paragraph attempts to make a statement of law to which no answer is required. To the extent an answer is required by the Court, Defendants deny the allegations of this paragraph.

78. Defendants deny the allegations of this paragraph.

79. This paragraph attempts to make a statement of law to which no answer is required. To the extent an answer is required by the Court, Defendants deny the allegations of this paragraph.

80. This paragraph attempts to make a statement of law to which no answer is required. To the extent an answer is required by the Court, Defendants deny the allegations of this paragraph.

81. Defendants deny the allegations of this paragraph.

82. Defendants hereby incorporate by reference and re-state each and every answer set forth in each and every preceding paragraph as though fully set forth herein.

83. Defendants deny the allegations of this paragraph.

84. Defendants deny the allegations of this paragraph.

85. Defendants deny the allegations of this paragraph.

86. Defendants deny the allegations of this paragraph.

87. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of the allegations of this paragraph.

88. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of the allegations of this paragraph.

89. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of the allegations of this paragraph.

90. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of the allegations of this paragraph.

91. Defendants deny the allegations of this paragraph.

92. Defendants deny the allegations of this paragraph.

93. Defendants deny the allegations of this paragraph.

94. Defendants deny the allegations of this paragraph.

95. Defendants deny the allegations of this paragraph.

96. Defendants deny the allegations of this paragraph.

97. Defendants deny the allegations of this paragraph.

98. Defendants deny the allegations of this paragraph.

99. Defendants hereby incorporate by reference and re-state each and every answer set forth in each and every preceding paragraph as though fully set forth herein.

100. Defendants deny the allegations of this paragraph.

101. Defendants deny the allegations of this paragraph.

102. Defendants deny the allegations of this paragraph.

103. Defendants deny the allegations of this paragraph.

104. Defendants deny the allegations of this paragraph.

105. Defendants deny the allegations of this paragraph.

106. Defendants hereby incorporate by reference and re-state each and every answer set forth in each and every preceding paragraph as though fully set forth herein.

107. Defendants deny the allegations of this paragraph.

108. Defendants deny the allegations of this paragraph.

109. Defendants deny the allegations of this paragraph.

110. Defendants deny the allegations of this paragraph.

111. Defendants deny the allegations of this paragraph.

112. Defendants deny the allegations of this paragraph.

113. Defendants deny the allegations of this paragraph.

114. Defendants hereby incorporate by reference and re-state each and every answer set forth in each and every preceding paragraph as though fully set forth herein.

115. Defendants deny the allegations of this paragraph.

116. Defendants deny the allegations of this paragraph.

117. Defendants deny the allegations of this paragraph.

118. Defendants deny the allegations of this paragraph.

119. Defendants deny the allegations of this paragraph.

120. Defendants hereby incorporate by reference and re-state each and every answer set forth in each and every preceding paragraph as though fully set forth herein.

121. Defendants deny the allegations of this paragraph.

122. Defendants deny the allegations of this paragraph.

123. Defendants deny the allegations of this paragraph.

124. Defendants deny the allegations of this paragraph.

125. This paragraph attempts to make a statement of law to which no answer is required. To the extent an answer is required by the Court, Defendants deny the allegations of this paragraph.

126. Defendants deny the allegations of this paragraph.

127. Defendants deny the allegations of this paragraph.

128. Defendants deny the allegations of this paragraph.

129. Defendants deny the allegations of this paragraph.

130. Defendants deny the allegations of this paragraph.

131. Defendants deny the allegations of this paragraph.

132. Defendants deny the allegations of this paragraph.

133. Defendants deny the allegations of this paragraph.

134. Defendants deny the allegations of this paragraph.

135. Defendants hereby incorporate by reference and re-state each and every answer set forth in each and every preceding paragraph as though fully set forth herein.

136. Defendants deny the allegations of this paragraph.

137. Defendants deny the allegations of this paragraph.

138. Defendants deny the allegations of this paragraph.

139. Defendants deny the allegations of this paragraph.

## AFFIRMATIVE DEFENSES

As and for their Affirmative Defenses to the claims of Plaintiff's Complaint, the Defendants allege as follows:

1. Plaintiff fails to state a claim against Defendants upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

2. This Court lacks subject-matter jurisdiction over the Plaintiff's claims.

3. The Plaintiff lacks standing to bring this action under federal law.

4. The Plaintiff has failed to name all necessary and indispensable parties to this lawsuit pursuant to Wis Stat. § 803.03 and Fed. R. Civ. P. 19.

5. Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations or statute of repose.

6. Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, unclean hands, equitable estoppel and/or ratification.

7. Plaintiff's claims are preempted, in whole or in part, by federal laws and/or regulations.

8. Plaintiff's claims, if any, are barred by the doctrines of accord and satisfaction and release.

9. If any damages were sustained by Plaintiff there was a failure to mitigate such damages.

10. Plaintiff has failed to exhaust any and/or all other remedies available by law or provided by the Court, including but not limited to administrative remedies.

11. Plaintiff has failed to state grounds for requested declaratory and/or injunctive relief.

12. Plaintiff engaged in conduct and/or entered contracts assuming the risk and responsibility for such acts and/or omissions to act and also the resulting damages claimed by the Plaintiff in the Complaint.

13. Class certification and/or conditional class certification, should be denied based on lack of numerosity, commonality, typicality and/or representativness under Fed. R. Civ. P. 23(a).

14. If Plaintiff has sustained any damages, such were the result of intervening or superseding events, factors, occurrences, or conditions, and were not proximately caused by Defendants.

15. If Plaintiff has sustained any damages, such were not proximately caused by Defendants, but were caused solely by the acts or omissions of others, whether individual, corporate, or otherwise, whether named or unnamed in Plaintiff's Complaint for whose conduct Defendants are not responsible.

16. Defendants affirmatively allege all affirmative defenses set forth in §§ 802.02(3) and 802.06(2)(a) of the Wisconsin Statutes and/or Federal Rule of Civil Procedure

8(c) as may be applicable to this lawsuit based on the pre-trial discovery to be conducted in this case.

17. Defendants reserve the right to assert additional affirmative defenses that may become known through the course of this litigation.

## PRAYER FOR RELIEF

WHEREFORE, Defendants, having fully answered Plaintiff's Complaint, deny that Plaintiff is entitled to any of the relief requested, and furthermore pray for judgment in their favor and against Plaintiff, and that Defendants can recover their costs of suit accordingly.

## DEMAND FOR JURY TRIAL

Defendants hereby demand a trial by jury of twelve on any and all allegations of Plaintiff's Complaint directed against them, and any Affirmative Defenses asserted thereto, and for any and all issues properly triable by jury.

Dated this 13th day of August 2021.

**MURPHY DESMOND S.C.**
Attorneys for Defendant

Electronically signed by */s/ Scott G. Salemi*
  Scott G. Salemi
  State Bar Number: 1118960
  33 East Main Street, Suite 500
  P.O. Box 2038
  Madison, WI 53701-2038
  Telephone: (608) 257-7181
  Facsimile: (608) 257-2508

## PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon all parties to the above cause via the CM/ECF System on the 13th day of August, 2021.

TO:

John P. Kristensen
**Kristensen LLP**
12540 Beatrice Street, Suite 200
Los Angeles, California 90066
john@kristensenlaw.com

Jay Urban
**Urban & Taylor S.C.**
Urban Taylor Law Building
4701 N. Port Washington Road
Milwaukee, Wisconsin 53212
jurban@wisconsininjury.com

*Attorneys for Plaintiff*

**MURPHY DESMOND S.C.**
Attorneys for Defendant

Electronically signed by */s/ Scott G. Salemi*
  Scott G. Salemi
  State Bar Number:  1118960
  33 East Main Street, Suite 500
  P.O. Box 2038
  Madison, WI  53701-2038
  Telephone: (608) 257-7181
  Facsimile: (608) 257-2508

4814-7989-0678, v. 1