# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DEANNA PIKE, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>WISCONSIN DOLLS, LLC, a Wisconsin Corporation; JAMES HALBACH, an individual; HALBY, LLC, a Wisconsin Corporation; and DOES 1 through 10, inclusive,<br><br>  Defendants. | Case No.: 3:21-cv-00356-JDP<br><br>**COLLECTIVE ACTION**<br><br>**DECLARATION OF JOHN P. KRISTENSEN IN SUPPORT OF PLAINTIFFS' MOTION FOR RELIEF OF STAY AND FOR APPROVAL OF FLSA SETTLEMENTS**<br><br>Complaint Filed: May 27, 2021 |

I, John P. Kristensen, declare:

1. I am an attorney licensed to practice before all Courts in the State of California. I am a Partner at Carpenter & Zuckerman, counsel of record for plaintiff Deanna Pike ("Plaintiff" or "Pike"), Kensy Campbell ("Plaintiff" or "Campbell"), and Lanikiquia Taylor ("Plaintiff" or "Taylor") (collectively, "Plaintiffs") in this action. I make this declaration of my own personal knowledge, and, if called to testify, I could and would competently testify hereto under oath.

## QUALIFICATIONS OF COUNSEL

2. I am currently a partner at Carpenter & Zuckerman since November 2021. I was

previously a Managing Partner at Kristensen LLP (formerly Kristensen Weisberg, LLP), before it was acquired by Carpenter & Zuckerman. I am admitted to practice before the United States District Courts for the Northern, Eastern, Southern, Central Districts of California, the United States District Court for the District of Colorado, the United States District Courts for the Eastern and Western District of Wisconsin and the United States District Court for the District of Columbia.

3.  I graduated from Washington & Lee University School of Law in Lexington, Virginia in 2002 where I received an academic scholarship. Upon graduation, I moved back to Los Angeles and quickly gained admission to the California bar. I began my civil career at Daniels, Fine, Israel, Schonbuch & Lebovits, LLP in Century City. I then spent four years at a multi-disciplinary practice, Avila & Peros, LLP.

4.  In 2008, I accepted employment at a firm, O'Reilly & Danko, which subsequently changed its name to O'Reilly || Collins. The firm was one of the preeminent Plaintiff's law firms in the country obtaining numerous seven and eight figure verdicts and settlements during my tenure.

5.  In 2011, I was responsible for a then record and maximum fine against an automotive company after I requested the federal government investigate an auto-manufacturer for its statements regarding why it was conducting a recall overseas, but not for similar vehicles in the United States. The manufacturer paid the maximum fine in excess of $16,000,000.00 as a result of my investigation.

6.  In 2011, the Daily Journal selected me as one of five associates to watch in the state of California in its annual 20 under 40 Edition. I was the sole Plaintiff's attorney to receive the accolade. I have also been named to Super Lawyers' Rising Stars for Southern California in

2012, 2013 and 2014. I have been named a Super Lawyer for Southern California every year since.

7. I have tried employment and wrongful death trials and obtained numerous million dollar settlements for my clients, including against an exotic dance club. Our firm has tried multiple cases over the last five years and was prepared to take this matter to trial as well.

8. I have litigated against NBC, Enterprise Rent-A-Car, Spearmint Rhino, Ford Motor Company, Toyota Motor Company, General Motors, Taco Bell, Sony and numerous other large corporations. My practice has included in multiple appellate cases where I have argued successfully before the California Courts of Appeal.

9. During the course of the Toyota Sudden Acceleration litigation, I was appointed by Hon. Anthony J. Mohr to the Plaintiff's Steering Committee and was re-appointed in 2012 by Hon. Lee Edmon. Judge Edmon also appointed me as a member of the national fee committee to recommend the allocations and disbursements of the common benefit fund.

10. In 2012, I took a position with one of the nation's top Class Action law firms, Strange & Carpenter, where I was instrumental in preparing one of the bellwether sudden acceleration cases that resolved in December 2012. That case was a model for the California class claim that resolved along with the national case. Today, I remain in the role as the youngest attorney appointed to the Plaintiff' steering committees in the California Toyota Sudden Acceleration cases.

11. In 2017, I obtained what was then a record Title IX settlement against the UC Regents.

12. I was appointed Class Counsel in the matter of *Mankin v. Mountain West Research Center, L.C.*, Case Number 2:13-cv-06447-DSF-AGR in the Central District of

California. The class settlement in that matter was approved by Hon. Dale S. Fischer.

13. I was appointed Class Counsel in the matter of *Kim v. Tinder, Inc., et al.*, Case Number 2:18-cv-03093-JFW-AS in the Central District of California. The class settlement in that matter was approved by the Court who also approved our request for attorney's fees and my rate at $725.00 an hour.

14. On August 7, 2019, I was appointed Class Counsel in the matter of *George v. Shamrock Saloon II, LLC*, Case Number 17-cv-6663 (RA) (HBP) in the Southern District of New York by Magistrate Judge Pitman. Class certification was contested and an objection on the class certification, not my qualifications, was made to Hon. Ronnie Abrams, who adopted Magistrate Judge Pitman's report and recommendations in its entirety.

15. On October 23, 2019, in a contested motion for class certification in the Central District of California, Hon. George H. Wu, appointed me as class counsel in the matter of *Lisa Friedman v. Jillian Michaels, et al.*, No. 19-cv9414-GW(SSx) in the Central District of California.

16. Other than myself, several members of my firm have knowledge of this case and have worked on this case with me with my oversight. I am noted in my firm's billing entries as "JPK." At the start of the case, my hourly rate was $750.00 an hour, but has since increased to $775.00.

17. Jesenia A. Martinez, an Associate at my firm, has also worked on this case. Jesenia attended Tufts University for her undergraduate degree and attended Southwestern University School of Law, graduating from its prestigious SCALE accelerated program in May 2017. While in law school, Jesenia completed externships with Judge Kim McLane Wardlaw at the United States Court of Appeals for the Ninth Circuit and Judge Dean D. Pregerson at the

United States District Court for the Central District of California. Jesenia was also part of Law Review and was a Dean's Fellow and Teaching Assistant while in law school where she earned several CALI and Witkin awards for excellence. She began working at Kristensen LLP after taking the bar. Jesenia is noted in the firm's billing entries as "JAM" and her hourly rate is $400.00 an hour.

18.  Alina S. Vulic, an Associate at my firm who began on March 2022, also worked on this case. In attending Pepperdine University's Seaver College for her undergraduate studies, where she became a Fulbright Scholar nominee, Alina graduated *magna cum laude* and on the Dean's List, obtaining her bachelor's degree in political science at the young age of 20. Alina went on to obtain her juris doctorate from Pepperdine University School of Law where she also obtained her certification in alternative dispute resolution from Pepperdine's world-renowned Straus Institute for Dispute Resolution—consistently ranked the #1 ADR program in the nation. She began working at Carpenter & Zuckerman in March of 2022 after working for boutique civil and criminal defense firms in Los Angeles. Alina is noted in the firm's billing entries as "ASV" or "AV". At the start of the case, her hourly rate was $275.00 an hour, but has since increased to $325.00.

19.  Gabriel Minsal is an Associate at my firm who joined in June 2022. He obtained his Bachelor in Arts from the University of Miami, Florida in May 2017, by majoring in both History and Political Science, along with a minor in Business Law. Afterwards, he obtained his law degree from Howard University School of Law in May 2020. While in law school, Gabriel worked as a Judicial Intern for the Superior Court of the District of Columbia for various judges, and as a Legal Intern for the District of Columbia Housing Authority – Office of the General Counsel. In addition, Gabriel obtained his LL.M. in Law and Government, with a Specialization

in Health Law & Policy, from American University Washington of College in May 2021. Following graduation, Gabriel joined Minsal & Muniz Law Offices as a Law Clerk in October 2021, and remained there until June 2022. Gabriel passed the California Bar Exam in February 2022 and was recently sworn in to the State Bar of California on November 22, 2022. Gabriel is noted in the firm's billing entries as "GM" and his hourly rate is $275.00 an hour.

## THE SETTLEMENT

20. The parties in this matter have executed a Settlement Agreement by all Parties.

   a. I have attached hereto as **Exhibit 1, 2 and 3** true and correct copies of the Settlement Agreements pertaining to Pick, Campbell and Taylor's claims.

21. Plaintiffs were employed by Defendants in the past three years. Campbell worked at Wisconsin Dolls from approximately February 2019 to November 2020. Dkt. 31 at ¶ 4. Taylor worked at Wisconsin Dolls from May 2018 to November 2019 within the statutory time period. Dkt. 30 at ¶ 4. Pike worked from approximately May 2018 to May 2019 within the statutory time period. Dkt. 1-1 at ¶ 2

22. Plaintiff differentiated three (3) types of damages for the dancers. The first was for failure to pay minimum wage. However, Plaintiff also had three other forms of damages that they contended they were owed by the Defendants.

23. First, Plaintiff contends that dancers were charged house fees to work, which fees were illegal kickbacks pursuant to 29 C.F.R. § 531.35.

24. Plaintiff also had claims for two types of tipping violations. First, Plaintiff was "encouraged" to tip Heart Breaker's employees. The forced tipping, Plaintiff contends, is also a violation of 29 C.F.R. § 531.35, as it results in the dancers subsidizing the clubs' payment of wages to other employees. The second form of claimed damages for tips was of individual

private dances to customers which were retained by Defendant rather than being paid to Dancers. Defendant maintains these fees were fees charged by them and belonging to them.

25. Plaintiff's allocation of $14,387.51 constitutes a full satisfaction of her claims in this action that exceeds her estimated damage calculation. Plaintiff did not have strong records of the dates or the amount of shifts she worked. That played a role in weighing the value of each claim.

26. The parties agreed to a gross settlement of $100,000.00. The settlements were for $37,500 for Pike, for $37,500 for Campbell, and $25,000 for Taylor. A number of factors contributed to the resolution. First, Defendants asserted that Plaintiff worked at Wisconsin Dolls for a lesser amount of time than that claimed by Plaintiffs. While Plaintiffs believe they worked more than what Defendants claimed, a risk existed that Plaintiffs would be unable to demonstrate the full extent of their damages. While each party had claims regarding the statute of limitations, Plaintiffs felt comfortable with their evidence for willfulness. Furthermore, the Covid-19 pandemic and the lack of insurance were strongly taken into account by Plaintiff in deciding to resolve the matter.

27. Pursuant to the agreement, Plaintiff's counsel will receive $45,000 in fees (roughly $29,000.00 less than Plaintiff's counsel's lodestar) and, within that amount, be reimbursed for $5,260.53 in costs. Pike and Campbell will receive $18,871.49 in their pockets and Taylor will receive $11,996.49. A dancer's claim for 12 months can exceed this settlement amount and conservatively be estimated at $25,000. In a fee bearing case, with a strong likelihood of liability on the employment issue, there is incentive to proceed. However, the real effects on Covid-19 on exotic dance club defendants, no insurance coverage, and the real risk that Plaintiff would be unable to demonstrate the full extent of her damages played a substantial

role in deciding to settle. The settlement is a compromise of disputed issues. I have attached hereto as **Exhibit 4 and 5 respectively**, true and correct copies of the Carpenter & Zuckerman's fees and costs.

28. In exchange for the consideration described above, Plaintiff has agreed to dismiss her causes of action for alleged violations of the FLSA, as alleged in the operative Complaint.

29. The Court should approve the settlement because it reflects a reasonable compromise of bona fide dispute regarding Defendants' alleged FLSA liability. There was no collusion in reaching the Agreement. The Parties were adequately represented by competent counsel experienced in litigating cases under the FLSA, and the Agreements reached were the result of good-faith negotiation between the Parties. Substantial differences and risks existed for both Plaintiff and Defendant. The Parties have strenuously different opinions about the classification of the dancers as employees or independent contractors and whether the dance fee charged by and collected by the Defendant belonged to the Defendant or was a tip belonging to the Plaintiff. Plaintiff believed her case was strong, but there was the risk she would be unable to demonstrate the full extent of the days she worked at Heart Breakers. Further, the Plaintiff's settlement allocation exceeds her estimated damage calculation.

30. This Settlement was an arm's length transaction negotiated between Mr. Kristensen, and Mr. Salemi. The litigation could have continued in arbitration until December 2024, over seven (7) months away. The fees would have been insurmountable to a resolution at that point, and the outcome could have left Plaintiff with zero recovery. The parties were able to exchange in informal discovery regarding Plaintiff's tenure and concern about the potential damages was made clear. The parties were able to assess their risk at an early stage.

///

## EXHIBITS TO THE DECLARATION OF JOHN P. KRISTENSEN

31. Plaintiff's counsel' lodestar was at least $74,000.00 and costs of $5,260.53.

    a. I have attached hereto as **Exhibits 4** and **5** a true and correct copy of Carpenter & Zuckerman's (formerly Kristensen LLP) time entries in this matter, and costs invoices, respectively.

### COMPARABLE AWARDS OF ATTORNEYS' FEES AND COSTS

32. Attached hereto as **Exhibit 6** is a true and correct copy of the Motion for Approval of FLSA Settlement in *Nguyen v. Westside Ventures, Inc., et al.,* 2:20-cv-01142-RGK-AGR (C.D. Cal. May 25, 2021) wherein Plaintiffs' Counsel requests a negative lodestar modifier for their request for attorney's fees.

33. Attached hereto as **Exhibit 7** is a true and correct copy of the Order granting Plaintiffs' request for attorney's fees in the Motion for Approval of the FLSA settlement in *Nguyen v. Westside Ventures, Inc., et al.*, 2:20-cv-01142-RGK-AGR (C.D. Cal. June 16, 2021).

34. Attached hereto as **Exhibit 8** is a true and correct copy of the Motion for Approval of FLSA Settlement in *Mora v. Stars Planet, Inc.*, *et al.*, 2:20-cv-00414-JFW-JC (C.D. Cal. Feb. 22, 2021) wherein Plaintiffs' Counsel requests a negative lodestar modifier for their request for attorney's fees.

35. Attached hereto as **Exhibit 9** is a true and correct copy of the Order granting Plaintiffs' request for attorney's fees in the Motion for Approval of the FLSA settlement in *Mora v. Stars Planet, Inc.*, *et al.*, 2:20-cv-00414-JFW-JC (C.D. Cal. Mar. 18, 2021).

36. Attached hereto as **Exhibit 10** is a true and correct copy of the Motion for Approval of FLSA Settlement in *Johnson v. The Strip Joint, et al.,* 8:19-cv-01623-JVS-KES (C.D. Cal. Jan. 24, 2020) wherein Plaintiffs' Counsel requests a negative lodestar modifier for

their request for attorney's fees.

37. Attached hereto as **Exhibit 11** is a true and correct copy of the Order granting Plaintiffs' request for attorney's fees in the Motion for Approval of the FLSA settlement in *Johnson v. The Strip Joint, et al.*, 8:19-cv-01623-JVS-KES (C.D. Cal. Jan. 31, 2020).

38. Attached hereto as **Exhibit 12** is a true and correct copy of the Motion for Approval of FLSA Settlement in *Aguiar v. M.J. Peter & Associates, Inc., et al.,* 0:20-cv-60198-AMC (S.D. Fla. July 15, 2020) wherein Plaintiffs' Counsel requests a negative lodestar modifier for their request for attorney's fees.

39. Attached hereto as **Exhibit 13** is a true and correct copy of the Order granting Plaintiffs' request for attorney's fees in the Motion for Approval of the FLSA settlement in *Aguiar v. M.J. Peter & Associates, Inc., et al.,* 0:20-cv-60198-AMC (S.D. Fla. July 19, 2020).

40. Attached hereto as **Exhibit 14** is a true and correct copy of the Motion for Approval of FLSA Settlement in *Weiss v. 1709 Corporation, et al.,* 3:20-cv-00990-slc (W.D. Wis. May 28, 2021) wherein Plaintiffs' Counsel requests a negative lodestar modifier for their request for attorney's fees.

41. Attached hereto as **Exhibit 15** is a true and correct copy of the Order granting Plaintiffs' request for attorney's fees in the Motion for Approval of the FLSA settlement in *Weiss v. 1709 Corporation, et al.,* 3:20-cv-00990-slc (W.D. Wis. June 10, 2021).

42. Attached hereto as **Exhibit 16** is a true and correct copy of the Order approving the Fed. R. Civ. P. 23 class action settlement in *Ortega v. The Spearmint Rhino Companies Worldwide Inc., et al.,* 5:17-cv-00206-JGB-KK (C.D. Cal. July 5, 2021).

43. Attached hereto as **Exhibit 17** is a true and correct copy of the Order approving the Fed. R. Civ. P. 23 class action settlement in *Byrne v. Santa Barbara Hospitality Services,*

*Inc.*, C.A. No. 17-00527, Dkt. 178 (C.D. Cal. December 14, 2018).

44.     Attached hereto as **Exhibit 18** is a true and correct copy of the Memorandum in Support of Motion for Approval of FLSA Settlement in *Macklin v. Biscayne Holding Corp et al*, 1:19-cv-00561-WES-PAS (D.R.I. Aug. 23, 2021) wherein Plaintiffs' Counsel requests a negative lodestar modifier for their request for attorney's fees.

45.     Attached hereto as **Exhibit 19** is a true and correct copy of the Declaration of John P. Kristensen in Support of Motion for Approval of FLSA Settlement in *Macklin v. Biscayne Holding Corp et al*, 1:19-cv-00561-WES-PAS (D.R.I. Aug. 23, 2021) wherein Plaintiffs' counsel describe their rates.

46.     Attached hereto as **Exhibit 20** is a true and correct copy of the Order granting Plaintiffs' Motion for Approval of FLSA Settlement in *Macklin v. Biscayne Holding Corp et al*, 1:19-cv-00561-WES-PAS (D.R.I. Sept. 24, 2021) recognizing Plaintiffs' counsel's request for attorney's fees and costs as reasonable.

47.     Attached hereto as **Exhibit 21** is a true and correct copy of the Declaration of John P. Kristensen in Support of Motion for Approval of FLSA Settlement in *Truehart et al v. Dartmouth Clubs, Inc. et al*, 1:20-cv-10374-DJC (D. Mass. Aug.11, 2021) wherein Plaintiffs' counsel describe their rates.

48.     Attached hereto as **Exhibit 22** is a true and correct copy of the Court order granting Plaintiffs' Motion for Approval of FLSA Settlement in *Truehart et al v. Dartmouth Clubs, Inc. et al*, 1:20-cv-10374-DJC (D. Mass. Oct. 1, 2021) recognizing Plaintiffs' counsel's request for attorney's fees and costs as reasonable.

49.     Attached hereto as **Exhibit 23** is a true and correct copy of the Motion for Approval of FLSA Settlement in *Harris v. 68-444 Perez, Inc.., et al.,* 5:19-cv-02184-JGB-SP

(C.D. Cal. Feb. 14, 2022) wherein Plaintiffs' Counsel requests a negative lodestar modifier for their request for attorney's fees.

50.   Attached hereto as **Exhibit 24** is a true and correct copy of the Order granting Plaintiffs' request for attorney's fees in the Motion for Approval of the FLSA settlement in *Harris v. 68-444 Perez, Inc.., et al.,* 5:19-cv-02184-JGB-SP (C.D. Cal. Apr. 21, 2022).

51.   Attached hereto as **Exhibit 25** is a true and correct copy of the Motion for Approval of FLSA Settlement in *Rucker v. Milwaukee Ent., LLC, et al.*, Case No. 2:21-cv-00692-BHL (E.D. Wa. Nov. 21, 2021) wherein Plaintiff's Counsel requests a negative lodestar modifier for their request for attorneys' fees.

52.   Attached hereto as **Exhibit 26** is a true and correct copy of the Order granting Plaintiff's Motion for Approval of the FLSA Settlement, along with Plaintiff's request for attorneys' fees in *Rucker v. Milwaukee Ent., LLC, et al.*, Case No. 2:21-cv-00692-BHL (E.D. Wa. Nov. 21, 2021).

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on Tuesday, June 6, 2023 at Santa Barbara, California.

/s/ *John P. Kristensen*
John P. Kristensen

**CERTIFICATE OF SERVICE**

  I certify that on Thursday, June 08, 2023 a true and correct copy of the attached **DECLARATION OF JOHN P. KRISTENSEN IN SUPPORT OF PLAINTIFFS' MOTION FOR RELIEF OF STAY AND FOR APPROVAL OF FLSA SETTLEMENTS** was served via Electronic Transmission upon the following parties pursuant to Rule 5 of the Federal Rules of Civil Procedure:

Scott Salemi
**MURPHY DESMOND, SC**
33 Main Street
Suite 500
Madison, Wisconsin 53701
Phone: (608) 268-5646
*ssalemi@murphydesmond.com*

*Attorney for Respondents*

Jay Urban
Wisconsin Bar No. 1018098
**URBAN & TAYLOR S.C.**
Urban Taylor Law Building
4701 N. Port Washington Rd.
Milwaukee, Wisconsin 53212
Telephone: 414-906-1700
*jurban@wisconsininjury.com*

Jarrett Ellzey
**ELLZEY & ASSOCIATES, PLLC**
1105 Milford
Houston, TX 77006
Telephone: 713-554-2377
*jarrett@ellzeylaw.com*

*Co-Counsel for Claimant*

                    */s/ John P. Kristensen*
                      John P. Kristensen